UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ERIC MYERS,

          Plaintiff,

v.                                         Case No. 5:08-cv-365-Oc-10GRJ

TOOJAY'S MANAGEMENT CORPORATION,

          Defendant.
_____

## ORDER

Pending before the Court is Plaintiff's Second Motion To Strike Affirmative Defenses. (Doc. 17.) Defendant has filed a response in opposition (Doc. 19) and, thus, this matter is ripe for review. For the reasons discussed below, Plaintiff's Motion is due to be **DENIED**.

## I. BACKGROUND

The following background "facts" are taken from Plaintiff's Amended Complaint (Doc. 3) and Defendant's Amended Answer. (Doc. 13.) This lawsuit arises out of Plaintiff, Eric Myers' application for a managerial position with Toojays Restaurant in The Villages, Florida. Plaintiff alleges that on or about July 22, 2008, he interviewed for a Manager position at Toojays. Plaintiff further alleges that he worked at Toojays for a two-day trial period; after which he was offered the Manager position and he accepted the offer. After accepting the offer, Plaintiff submitted his 2-week notice at Starbucks where he had been working. Subsequently, in a letter dated August 4, 2008, Toojay's notified Plaintiff that it was rescinding its previous offer of employment based in whole or in part on the information contained in Plaintiff's credit report. Plaintiff alleges that

Toojays rescinded its job offer solely because of Plaintiff's earlier bankruptcy. In his Amended Complaint, Plaintiff asserts claims for discriminatory non-selection, termination and non-payment of wages under the Bankruptcy Act, 11 U.S.C. §525(b), as well as claims for non-payment of minimum wages earned under the FLSA, 29 U.S.C. §201, and unpaid and lost wages under Florida contract law. Defendant answered the Amended Complaint, raising numerous affirmative defenses. (Doc. 13.) Plaintiff has filed the instant motion arguing that two of the affirmative defenses should be stricken.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." District courts have "broad discretion in disposing of motions to strike under Fed. R. Civ. P. 12(f)."[1] "An affirmative defense will be held insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove."[2] On the other hand, if the court must resolve substantial questions of law or fact surrounding the defense, the court will not strike it.[3] In general, motions to strike "will usually be denied unless the allegations have no possible relation

---

[1] Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976).

[2] Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citing Equal Employment Opportunity Comm'n v. First Nat'l Bank, 614 F.2d 1004, 1008 (5th Cir. 1980)).

[3] See IFC Credit Corp. v. Century Realty Funds, Inc., No. 8:05-CV-678-T-17, 2006 WL 435695, at *3 (M.D. Fla. Feb. 21, 2006) (quoting Reyher, 881 F. Supp. at 576; Lee v. Askin Trucking, Inc., No. 05-14335-CIV-MARRA/LYNCH, slip op. at 3 (S.D. Fla. Feb. 7, 2006) (citing United States v. Marisol, Inc., 725 F. Supp. 833, 386 (E.D. Pa. 1984)).

to the controversy and may cause prejudice to one of the parties."[4]  In evaluating a motion to strike, "the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings."[5]

### A. Affirmative Defense Number 6

Plaintiff moves to strike Defendant's Affirmative Defense Number 6 in which Defendant alleges:

> Plaintiff released and allowed the Defendant to obtain all information regarding his background and consumer check and further released Toojay's Management Company from all liability for damages of whatever kind which results to him or to his family and associates because of compliance with this authorization and request to release.  Attached is a copy of the release with the plaintiff's signature dated August 1, 2008.  Plaintiff is therefore estopped from bringing this cause of action as a full release was previously obtained for all alleged damages resulting from the execution and obtainment of the background report.

Plaintiff argues that this defense should be stricken as improper and insufficient as a matter of law for three reasons.

First, Plaintiff argues that "prospective waivers of discrimination claims such as this one have long been disfavored and held void against public policy."[6]   However, the cases cited by both Plaintiff and Defendant suggest that this issue is not as well-settled in the law as Plaintiff contends.  Indeed, Plaintiff acknowledged in the earlier version of his motion to strike, that "there is a dearth of case law in the bankruptcy discrimination

---

[4] Lee, slip. op. at 3 (quoting Carlson Corp./Southeast v. School Bd. of Seminole County, 778 F. Supp. 518, 519 (M.D. Fla. 1991)).

[5] LeMaster v. USAA Life Insurance Co., No. 95-1124-CIV-T-17(E), 1995 WL 708656, at *1 (M.D. Fla. Nov. 27, 1995).

[6] Doc. 17 at 2.

field on prospective waivers of bankruptcy discrimination claims."[7] Moreover, even if prospective waiver is not applicable to the discrimination claims, Plaintiff also has asserted a claim for unpaid and lost wages under Florida contract law.

Plaintiff also argues that he did not waive his claims for bankruptcy discrimination by signing the release. However, as Plaintiff correctly notes, in order to enforce a waiver or release, Defendant must show that Plaintiff voluntarily and knowingly waived and released his rights.[8] This is a fact-driven inquiry not properly resolved on a motion to strike. Likewise, the Court cannot properly determine on a motion to strike whether the release was a binding contract. The "existence of a contract is a question of fact to be determined by consideration of all the facts and circumstances."[9]

For the foregoing reasons, the Court cannot properly resolve the dispute as to prospective waiver on a motion to strike. Moreover, Plaintiff has failed to show that this defense has no possible relation to the controversy or that it may cause prejudice to Plaintiff. Accordingly, Plaintiff's Second Motion To Strike Affirmative Defenses (Doc. 17) is due to be **DENIED** with respect to Affirmative Defense Number 6.

**B. Affirmative Defense Number 7**

Plaintiff also moves to strike Defendant's Affirmative Defense Number 7, which states:

> Pursuant to *Cord v. Skinner Industries, Inc.*, No. 01-20256, 2004 WL 2923845 (M.D. Fla. 2004), the agreement between the parties was purely an executory

---

[7] Doc. 8 at page 11.

[8] See Myricks v. Federal Reserve Bank of Atlanta, 480 F.3d 1036, 1040 (11th Cir. 2007.)

[9] Lockheed Martin Corp. v. Galaxis USA, Ltd., 222 F.Supp.2d 1315, 1323 (M.D. Fla. 2002).

contract and therefore, no employment relationship existed and the purported
Employer is not liable for discrimination under Section 525(b).

Plaintiff argues that the Court should strike this affirmative defense because the Cord Court failed to give 11 U.S.C. §525(b) an "accurate reading." Section 525(b) provides that "[n]o private employer may terminate the employment of, or discriminate with respect to employment against, an individual who is or has been a debtor under this title. . ."

In Cord, the bankruptcy court stated that it is "well-established now by several cases, that §525(b) of the Code applies only to actions taken after [ ] an employment relationship has been established and does not cover a situation which might be a discriminatory hiring practice by private employers."[10] Plaintiff cites one case – Leary v. Warnaco, Inc. 251 B.R. 656 (S.D.N.Y. 2000) – that supports a broader reading of §525(b) to include "all aspects of employment including hiring, firing and material changes in job conditions." However, Defendant cites at least three cases in which courts have explicitly disagreed with or rejected the Leary holding.[11] The Court cannot address this disputed question of statutory interpretation on a motion to strike. Moreover, Plaintiff has failed to show that this defense has no possible relation to the controversy or that it may cause prejudice to Plaintiff. As such, Plaintiff's Second Motion To Strike Affirmative Defenses (Doc. 17) is due to be **DENIED** with respect to Affirmative Defense Number 7.

---

[10] Cord v. Skinner Nurseries, Inc., 2004 WL 2923845, at *2 (Bankr. M.D. Fla. May 11, 2004.)

[11] See e.g., In re Burnett, 2008 WL 4609983, *2 (Bankr. S.D. Tex., October 14, 2008); In re Martin, 2007 WL 2893431, at *3-4 (Bankr. D. Kan. Sep. 28, 2007); In re Stinson, 285 B.R. 239 (Bankr. W.D. Va. 2002.)

### III.  Conclusion

Accordingly, for the reasons stated above, Plaintiff's Second Motion To Strike Affirmative Defenses (Doc. 17) is **DENIED**.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on April 7, 2009.

GARY R. JONES
United States Magistrate Judge

Copies to:

All Counsel